UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NARIJE HOXHA,

                    Plaintiff,                         **REPORT AND**
                                                               **RECOMMENDATION**
                                                               23-CV-2981-OEM-SJB

    - against -

THE TJX COMPANIES, INC. and UE KINGSWOOD
TWO LLC,

                    Defendants.
------------------------------------------------------------x
**BULSARA, United States Magistrate Judge:**

       This personal injury action was originally commenced by Plaintiff Narije Hoxha ("Hoxha"), a citizen of New York, in Kings County Supreme Court on January 9, 2023. Hoxha named The TJX Companies, Inc. d/b/a Marshalls ("TJX"), a citizen of Delaware and Massachusetts, as a defendant, along with UE Kingswood Two LLC ("UE Kingswood"), c/o Urban Edge Properties LP, an alleged citizen of New York. On April 20, 2023, TJX removed the case to this Court. Because there is not complete diversity between the parties, the Court respectfully recommends that this case be remanded to state court for lack of subject matter jurisdiction.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

       Hoxha filed this lawsuit to recover for personal injuries she sustained after tripping and falling at Defendants' premises—1710 East 14th Street in Brooklyn, New York (the "Property"). (Compl. dated Jan. 9, 2023, Dkt. No. 1-1 ¶¶ 20–21). UE Kingswood is the owner and landlord of the Property, and TJX is its tenant. (Notice of Removal dated Apr. 20, 2023, Dkt. No. 1 ¶ 8). On January 9, 2023, Hoxha commenced a personal injury action in Kings County Supreme Court against both TJX and UE

Kingswood. (Compl.). TJX and UE Kingswood filed separate answers on February 27, 2023, the latter of which included a demand for a bill of particulars. (Answer dated Feb. 27, 2023, Dkt. No. 1-3 at 9–12). In Hoxha's March 17, 2023 response, she revealed that she seeks $5,000,000 in damages. (Pl.'s Resp. to Combined Demand dated Mar. 17, 2023, Dkt. No. 1-4 at 1).[1]

TJX removed the case to this Court on April 20, 2023, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Notice of Removal ¶ 9). TJX claimed that UE Kingswood was a "nominal party," and thus, its presence did not defeat diversity. (*Id.* ¶¶ 10–11).[2] The Court held an initial conference on July 13, 2023, during which the Court discussed the subject matter jurisdiction issues with the parties. (*See* Minute Entry dated July 13, 2023). Thereafter, the Court issued an order to show cause for TJX to explain why the case should not be remanded back to state court. (Order to Show Cause dated July 13, 2023).

## DISCUSSION

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.

---

[1] Hoxha filed her response on March 17, but TJX received it on March 23. (Notice of Removal ¶ 4). TJX's removal on April 20, 2023, was therefore within 30 days of when "it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

[2] Because TJX claimed that UE Kingswood was a nominal party, TJX did not receive its co-defendant's consent for the case to be removed. (Notice of Removal ¶ 11); *see* 28 U.S.C. § 1446(b)(2)(A). The Court does not address the question of whether failure to do so itself requires remand.

§ 1441(a). In other words, an action may be removed from state court "if the district court has original subject matter jurisdiction over the plaintiff's claim." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 271 (2d Cir. 1994).

A district court has original subject matter jurisdiction in a diversity action. 28 U.S.C. § 1332(a)(1) provides that diversity jurisdiction exists only when the opposing parties in the lawsuit are "citizens of different States." This is a "complete" diversity requirement. That is, all the parties on one side of the case must be citizens of a different state from each of the parties on the other side. *See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). The removing party has the burden to show that there is complete diversity between the plaintiff and defendants.[3] *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

"In evaluating whether removal—on the basis of diversity jurisdiction—is proper, the Court's 'inquiry cannot be limited to the complaint, as it often can be when removal is based on federal question jurisdiction, because certain matters critical for determining diversity jurisdiction, such as the citizenship of the parties or the amount in controversy, may not appear in the state court complaint.'" *Mallek v. Allstate Indem. Co.*, No. 17-CV-5949, 2018 WL 3635060, at *2 (E.D.N.Y. Mar. 12, 2018) (quoting 14B Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 3723 (4th ed. 2017)), *report and recommendation adopted*, 2018 WL 3629596 (July 31, 2018); *see also Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) ("[I]f subject

---

[3] Diversity jurisdiction only exists if the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(a). The amount is not an issue in this case.

3

matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings. Such materials can include documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." (citations omitted)).

Hoxha is a citizen of New York. (Pl.'s Rule 7.1 Disclosure dated June 14, 2023, Dkt. No. 10). TJX is a Delaware corporation with its principal place of business in Massachusetts. (Def.'s Rule 7.1 Disclosure dated Apr. 28, 2023, Dkt. No. 7). It is undisputed that UE Kingswood is a citizen of New York. (*See* Notice of Removal ¶ 6). TJX states that "UE Kingswood is an LLC, wholly owned by Urban Edge Properties LP, a Delaware Limited Partnership. Upon information and belief, the Limited Partnership has a member who is a New York resident." (Def.'s Letter in Resp. to Ct.'s Order to Show Cause dated Aug. 14, 2023 ("Def.'s Letter"), Dkt. No. 12 at 2). Because UE Kingswood is a citizen of New York, its presence destroys diversity—a New York citizen is both a plaintiff and a defendant—and this Court lacks subject matter jurisdiction and is required, absent some exception, to remand the case. In that vein, TJX contends that UE Kingswood is a nominal party whose presence in the case is the result of fraudulent joinder, and thus, its presence as a defendant does not defeat diversity. (Def.'s Letter at 2; Notice of Removal ¶¶ 7, 9). Its arguments are without merit.

"[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *CMGRP, Inc. v. Agency for the Performing Arts, Inc.*, 689 F. App'x 40, 41 (2d Cir. 2017) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001)). "Non-diverse parties determined to be fraudulently joined are deemed 'nominal parties.'" *A. Kraus & Son v. Benjamin Moore & Co.*, No.

4

05-CV-5487, 2006 WL 1582193, at *4 (E.D.N.Y. June 7, 2006). If there is a fraudulent joinder, a court may "overlook the presence of a non-diverse defendant" in determining whether diversity jurisdiction exists. *Briarpatch Ltd., L.P v. Phx. Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004); *Quinn v. Post*, 262 F. Supp. 598, 602 (S.D.N.Y. 1967) ("[T]he pleading cannot defeat the nonresidents' right to removal if the resident defendants have no real connection with the controversy.").4 To prove fraudulent joinder, the defendant "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Whitaker*, 261 F.3d at 207 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)); *see also id.* ("Joinder will be considered fraudulent when it is established that there can be no recovery . . . under the law of the state on the cause alleged." (quotations omitted)). The defendant bears a "heavy burden" in demonstrating that there has been a fraudulent joinder. *Briarpatch Ltd.*, 373 F.3d at 302; *see also Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) ("The burden of persuasion upon those who cry fraudulent joinder is indeed a heavy one." (quotations omitted)).

---

[4] Fraudulent joinder differs from fraudulent misjoinder. "In the typical fraudulent joinder situation, a diverse defendant argues that the plaintiff is attempting to join a non-diverse defendant against whom the plaintiff has no real claim solely to defeat federal jurisdiction. In the fraudulent *misjoinder* situation, by contrast, a diverse defendant argues that a plaintiff has added claims to the complaint—either claims by other non-diverse plaintiffs or claims against other non-diverse defendants—which, although perhaps valid, are nevertheless not properly joined under the applicable permissive joinder rules." *In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-CV-2049, 2013 WL 3729570, at *4 (E.D.N.Y. May 17, 2013) (citation omitted), *report and recommendation adopted*, Minute Order (June 6, 2013).

5

Although removal is determined by federal law, the question of whether a plaintiff can recover against the non-diverse defendant is determined by state substantive law. *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 378 (S.D.N.Y. 2006) ("The test . . . is uniformly whether plaintiff can establish a claim under state, not federal law." (quotations omitted)). Relatedly, the court must use *state* pleading rules in analyzing whether the plaintiff has stated a viable state law claim against the non-diverse defendant. *See Gensler v. Sanolfi-Aventis*, No. 08-CV-2255, 2009 WL 857991, at *3 n.3 (E.D.N.Y. Mar. 30, 2009) ("Though the parties cite principally to federal procedural rules, the better view is that state procedural rules apply in evaluating a claim of fraudulent joinder."); *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 471–72 (S.D.N.Y. 2006) (relying on state procedural rules "[b]ecause the purpose of fraudulent joinder analysis is to determine whether a *state* court might permit a plaintiff to proceed with his claims").

"[I]n general, there need be only a possibility that a right to relief exists under the governing law to avoid a court's finding of fraudulent joinder, and the plaintiff's ultimate failure to obtain a judgment is immaterial." 14B Wright & Miller, *supra*, § 3723.1 (footnotes omitted). In other words, "there is no requirement that [the plaintiff's] recovery in state court be reasonably likely." *Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 672 (E.D.N.Y. 2017) (alteration in original) (quotations omitted). Defendants can only prevail on a fraudulent joinder argument if there is "no possibility" that the plaintiff could recover against the non-diverse defendant. *Id.*; *see also CMGRP, Inc.*, 689 F. App'x at 41.

TJX claims that Hoxha has no basis for recovery under New York law against UE Kingswood, an alleged out-of-possession landlord who has no responsibility to maintain

6

the premises. (Def.'s Letter at 1). To be sure, "[u]nder New York law, an out-of-possession property owner is not liable for injuries that occur on the property unless the owner 'retained control over the property or is obligated by contract to perform repairs and maintenance.'" *Battaglia*, 249 F. Supp. 3d at 671 (quoting *Grippo v. City of New York*, 45 A.D.3d 639, 640 (2d Dep't 2007)). However, to escape liability, a property owner must have "*completely* parted with control of the building." *Williams v. Matrix Fin. Servs. Corp.*, 158 F. App'x 301, 302 (2d Cir. 2005) (quoting *Bonifacio v. 910-930 S. Blvd. LLC*, 295 A.D.2d 86, 90 (1st Dep't 2002)).

Under the lease between TJX and UE Kingswood, UE Kingswood reserved a right of re-entry onto the Property. (Lease dated Aug. 31, 2016, attached as Ex. 1 to Def.'s Letter at 30). UE Kingswood reserved the right to enter the Property "(a) to inspect the Demised Premises, (b) to make any repairs required of Landlord under this lease . . . , [and] (c) to conduct any maintenance, repairs or alterations to any utility (including heating, ventilation and air conditioning) lines." (*Id.*). In fact, under article VIII of the lease, UE Kingswood is *required* to enter the premises and make repairs to the "ceilings or floors of the Demised Premises [that are] not readily accessible . . . , all wiring, plumbing, pipes, conduits, and other utilities and sprinkler fixtures," and to any defects that arise from a failure to maintain those areas. (*Id.* at 15). So, rather than lacking any control over the Property, UE Kingswood in fact retained rights to enter and was *required* to enter to conduct repairs. It can hardly be said that UE Kingswood "retain[ed] no control over the specific premises at issue." *McNeish v. Lucky Mate Co.*, No. 15-CV-2924, 2017 WL 6034121, at *5 (E.D.N.Y. Mar. 30, 2017).

TJX further argues that the nature of Hoxha's claim—that she slipped and fell on a stool owned by their store and on their premises—precludes her from asserting a claim

7

against UE Kingswood, because they allegedly did not have control over the stools within store premises. (Def.'s Letter at 2). This argument has no merit. As Hoxha acknowledges, at this stage, she does not know the exact cause of her injuries. Hoxha alleges that she tripped and fell over an "improperly placed chair, coupled with clutter and debris." (Pl.'s Letter in Reply to Ct.'s Order to Show Cause dated Aug. 14, 2023, Dkt. No. 13 at 2). The matter of who was at fault for the stool and clutter's presence is a factual issue that has not been, and cannot be, resolved at this stage. In the absence of TJX stipulating that they had sole control of the specific stool, debris, and clutter at issue—and not just claiming that they had control over the general premises of the Property—Hoxha may be able to recover from UE Kingswood because it retained some control over the premises. (*See id.* ("It is impossible at this time to confidently assert that absolutely no negligence can be attributed to UE Kingswood Two Holding LLC that contributed to Plaintiff's fall and subsequent injuries.")). Thus, TJX has not met its burden of "establishing, by clear and convincing evidence, that there is no possibility plaintiff can recover from [UE Kingswood] in state court. Indeed, the very analysis [the Court] would have to engage in as to whether [the cause of Hoxha's injury was controlled by TJX or UE Kingswood] would require [the Court] to adjudicate the merits of the case. That is not the purpose of the fraudulent joinder inquiry." *Battaglia*, 249 F. Supp. 3d at 673.

There is no evidence that UE Kingswood was named as a defendant in this case because Hoxha intended to prevent removal to federal court. In fact, "[i]t is standard practice in slip and fall cases for the plaintiff to sue both the landlord and the tenant of the subject premises." *Id.* at 674. TJX's fraudulent joinder argument is therefore without merit, and the case should be remanded. *See e.g.*, *id.* (finding no fraudulent

8

joinder where defendant retained a right of re-entry in the lease and remanding to New York state court).

## CONCLUSION

For the reasons described above, the Court respectfully recommends *sua sponte* that the Clerk of Court remand this case to Kings County Supreme Court for further proceedings. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008).

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

/s/ *Sanket J. Bulsara*
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York
November 3, 2023